**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION**

| | |
|---|---|
| LADONNA N. FLORES, | ) |
| Plaintiff | ) |
| | ) |
| vs. | ) CASE NO.  2:14-CV-176 |
| | ) |
| HALTER VEGETATION MANAGEMENT, INC. | ) |
| | ) |
| Defendant | ) |

### *PLAINTIFF'S COMPLAINT FOR DAMAGES*

Comes now the plaintiff, LaDonna N. Flores (hereinafter "Flores"), by counsel, and for her claims against the Defendant, Halter Vegetation Management, Inc. (hereinafter "Halter"), alleges and says:

### *I. FACTUAL ALLEGATIONS*

1. Flores is a resident of the State of Indiana, and is domiciled in Jasonville, Greene County, Indiana.

2. Halter is a tree trimming company headquartered in Vincennes, Knox County, Indiana.

3. Flores worked for Halter as a tree trimmer (at the end of her employment, her job title was "operator") from mid-2007 through the date of her resignation from employment in January 2014. Throughout her employment, Flores was a non-exempt employee who was compensated by Halter on an hourly-paid basis.

4. Throughout Flores' period of employment with Halter, Halter failed and refused to pay Flores for all of her hours worked and, in so doing, also failed to fully compensate Flores for all overtime work performed. Halter's wage violations committed against Flores include, but are not limited to, the following:

    a. Halter did not accurately record all of Flores' hours worked and Halter did not fully compensate Flores for all of her hours worked;

    b. From the inadequate time records it did have for Flores' hours

        worked during each calendar week Flores worked for Halter, Halter improperly made certain automatic deductions from the time records based upon presumed meal breaks it assumed Flores took, but Flores did not take;

    c. Halter did not pay Flores for all of her hours worked based upon a continuous work day method, meaning, Halter did not measure Flores' hours of work from a first principal activity each day and pay to a last principal activity, nor did Halter pay Flores for all of her hours of work from a first principal activity each day and pay to a last principal activity;

    d. More specifically, Halter did not pay Flores for all work-required travel time that occurred during Flores' continuous workday, meaning, Halter did not pay Flores for all travel time occurring after Flores' first principal activity each day and all travel time occurring prior to Flores' last principal activity of each day; and

    e. Halter did not pay Flores' for employer-mandated travel and time spent participating in drug screens.

5. Halter required Flores to travel to Halter work sites around the State of Indiana for work. Flores was regularly required to ride with coworkers in Halter vehicles. Halter did not pay Flores for any travel time. This was particularly egregious as, on many days, Halter required Flores to drive the Halter van and pick up her coworkers to drive them to work.

6. Some of Flores' travel time for Halter involved overnight travel and Halter did not pay and/or did not fully pay Flores for all of her hours of work related to this overnight travel.

7. Halter informed Flores and its other tree trimmers that the company automatically deducted from the employee's hours of work a thirty (30) minute meal

break deduction based upon Halter's assumption that employees received meal breaks. Flores did not receive bona fide meal periods. Halter required Flores to remain at the work sites. Flores and her coworkers were not allowed to leave the Halter equipment at the work site to take a bona fide meal period. Flores is specifically alleging that she was never afforded a bona fide meal period which would permit Halter to treat any meal break as non-work time under the Fair Labor Standards Act.

8. During the period of time covered by the statute of limitations, Halter made unlawful deductions from Flores' pay checks in a category Halter called "Adjustments to Net Pay: Uniforms." Flores is specifically alleging that Halter has taken illegal deductions in violation of the Indiana Wage Assignment Statute, I.C. 22-2-6-2, and in so doing, Halter failed and refused to pay Flores her wages in full in each and every week it made one of these pay roll deductions for "uniforms."

9. Flores routinely performed work for Halter that far exceeded forty (40) hours during a single calendar week, however, for the reasons described above, Halter failed to fully compensate Flores for all hours worked and, in so doing, failed also to compensate Flores at an overtime rate of pay for her hours worked in excess of forty (40) in each calendar week.

10. More than twenty (20) days have passed since the last date Halter could have paid Flores her wages in full and on time.

11. By way of this Complaint, Flores seeks all wages owed to her, including all earned wages, all illegally deducted wages, all unpaid wages, all overtime compensation, all liquidated damages, plus all statutory penalties for late payment of wages. Additionally, Flores seeks payment of all of her reasonable attorney's fees, costs and expenses. With respect to Flores' uncompensated wages and overtime, Halter's violations of Flores' rights under the FLSA were willful, warranting the application of the three year statute of limitations.

## *II. JURISDICTION AND VENUE*

12. This Court has jurisdiction over the subject matter of this Complaint under 28 USC § 1331, 28 USC § 1343, and 29 USC § 201 et seq. This Court has supplemental jurisdiction over Flores' related claims under the Indiana Wage Payment Act.

13. Venue is proper in this Court pursuant to 28 USC § 1391 because the unlawful conduct alleged herein was committed in the Southern District of Indiana.

### III. PARTIES

14. Flores is currently domiciled in and a resident of Jasonville, Greene County, Indiana.

15. Halter is headquartered in Vincennes, Knox County, Indiana.

### IV. STATEMENT OF CLAIMS

#### A. CLAIM UNDER THE FAIR LABOR STANDARDS ACT

16. Flores incorporates herein by reference paragraphs 1 - 11 above.

17. Halter is a covered employer subject to the provisions of the Fair Labor Standards Act, as it is an "enterprise." Further, Halter is an "employer" as that term is defined under the FLSA at 29 USC § 203(d).

18. By not paying Flores at all for some of her periods of time worked, Halter has violated the Fair Labor Standards Act provisions regarding minimum wages. More importantly, most, if not all, of the unpaid hours owed to Flores are hours that constitute overtime and hours that should have been compensated at an overtime rate of pay.

19. By not paying Flores for her overtime hours worked, Halter has violated Flores' rights to be paid overtime under the Fair Labor Standards Act. Flores was a non-exempt employee who performed manual labor as her primary task.

20. Halter's failure to comply with the Fair Labor Standards Act's provisions regarding minimum wages and overtime compensation is willful and without justification.

21. Flores seeks all available damages, including her unpaid wages, minimum wages, unpaid overtime compensation itself, liquidated damages, payment of

reasonable attorney's fees, costs and expenses, and any and all other damages to which she may be entitled for Halter's violations of the Fair Labor Standards Act.

### B.  CLAIM UNDER THE INDIANA WAGE PAYMENT ACT

22.  Flores incorporates herein by reference paragraphs 1 - 11 above.

23.  By way of this Complaint, Flores is seeking all available damages, including unpaid wages, damages for late payment of wages, and all available liquidated and/or treble damages, plus any and all attorney's fees, costs, and expenses, and any other damage to which he may be entitled pursuant to Indiana Law.  Pursuant to the Indiana Wage Payment Act, I.C. 22-2-5, Flores is seeking payment of unpaid wages and all available damages, including, but not limited to, double the amount of wages due as an additional monetary damage, plus all of her attorney's fees, costs and expenses.  This includes Flores' claim to recover illegally deducted wages (a violation of I.C. 22-2-6-2 and I.C. 22-2-5).

### VI.  PRAYER FOR RELIEF

WHEREFORE, plaintiff, LaDonna N. Flores, respectfully requests that the Court enter judgment in her favor against the defendant, Halter Vegetation Management, Inc., and award to her all available damages, including, but not limited to, unpaid wages, unpaid overtime compensation, liquidated damages, statutory damages, any and all equitable relief, plus payment of her reasonable attorney's fees, costs and expenses, and any and all other relief just and proper in the premises.

HUNT, HASSLER, LORENZ & KONDRAS LLP
100 Cherry St.
Terre Haute, Indiana 47807
(812) 232-9691


By/s/Robert P. Kondras, Jr.
   Robert P. Kondras, Jr.
   Attorney No. 18038-84
   Attorney for Plaintiff

kondras@huntlawfirm.net